SO ORDERED.

SIGNED this 2 day of May, 2013.

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

ELIZABETH ZAPOLSKI,                    CASE NO. 08-05552-8-JRL

    DEBTOR.                            CHAPTER 7

_____

## ORDER

This matter came before the court on the debtor's motion to amend or make additional findings of fact and motion to alter or amend a consent order, which the trustee opposed. A hearing was held on April 17, 2013, in Wilmington, North Carolina.

The debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on August 18, 2008. After voluntarily converting her case to one under chapter 7, the debtor received a discharge on July 29, 2009. The trustee determined there were assets and has proceeded to administer the debtor's non-exempt assets following the discharge.

On October 27, 2009, the trustee objected to the unsecured claim for $165,533.95 of Todd Zapolski, the debtor's former spouse. The claim stemmed from advances that Mr. Zapolski made to the debtor under a marital separation agreement. The debtor initiated a state court action in Wake County, North Carolina against Mr. Zapolski alleging multiple breaches of the marital separation

agreement. At the time of the debtor's motion, the state court action was still pending, with the initial pleading stage complete.

On November 12, 2012, the trustee entered into a settlement agreement with Mr. Zapolski on behalf of the debtor's estate that waived obligations under the marital separation agreement and common-law actions. The marital separation agreement obligated Mr. Zapolski on

> (a) Any claim against Zapolski for the failure to pay or underpayment of past 50% Partnership Distributions; (b) all future 50% Partnership Distributions and any claim against Zapolski for future 50% Partnership Distributions; (c) any claim against Zapolski for failure to disclose assets to or concealment of assets from the Debtor prior to executing the Martial Separation Agreement including any related claim for liquidated damages; and (d) any claim against Zapolski for charging usurious interest on past personal loans to the debtor.

In exchange for the release under the marital separation agreement, Mr. Zapolski waived his claim against the bankruptcy estate and agreed to pay $30,000.00 to the estate. The debtor filed a timely objection to the trustee's request for approval of the settlement agreement but withdrew the objection after speaking with counsel for the trustee and on the advice of her counsel. A consent order, signed by the trustee and debtor's counsel, incorporating this settlement agreement was entered by the court on January 23, 2013.

On February 5, 2013, the debtor filed the instant motion to amend the consent order and to make additional findings of fact. In her motion, the debtor argues that the additional finding of fact should be made that the debtor's claims for non-disclosure and future partnership distributions are not property of the estate and based on this, the court lacks subject-matter jurisdiction to make a binding order. The debtor argues that the order should be set aside on these grounds. Furthermore, the debtor argues, the compromised claims released under the settlement agreement constitute non-core proceedings, or alternatively, core proceedings involving state-law claims subject to Stern v.

Marshall; therefore, the court may only make proposed findings of fact and conclusions of law. Finally, the debtor argues that the court should abstain from rendering a final order because there is a parallel state court case pending, the Martial Separation Agreement contains a forum-selection clause in favor of North Carolina state courts and the claims deal with marital property.

**Discussion**

Rule 59 does not permit a losing party to simply repeat old arguments already considered and rejected or to raise new legal theories that should have been raised earlier. In re El-Amin, 252 B.R. 652, 657 (Bankr. E.D. Va. 2000). Rule 59, made applicable to bankruptcy proceedings by B.R. 9023, allows amendments to judgments on three specific grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

The facts of this case do not indicate that the debtor is entitled to relief under Rule 59. There has been no intervening change in the controlling law; no new evidence has been put forward; and there was not an error of law. The debtor is putting forth new legal theories which are in conflict with the findings of fact and conclusions of law specifically agreed to and consented to by the debtor and her counsel upon signing the consent order. An amendment of the consent order under rule 59 is not appropriate.

The practical effect, if the court were to make the additional findings of fact or amend the order as the debtor requests, would result in the court setting aside the consent order. Bankruptcy Rule 9024 and Fed. R. Civ. P. 60 governs relief from a judgment or order.

> The court may relieve a party from a final judgment, order, or proceeding for the following reasons:

>    (1) mistake, inadvertence, surprise, or excusable neglect;
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>    (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>    (4) the judgment is void;
>    (5) the judgment has been satisfied, released or discharge . . .; or
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

As discussed above, the facts do not show there was any newly discovered evidence. Federal Rule of Civil Procedure 60(b)(4) provides that the court may relieve a party from a final judgment or order if the judgment is void. The concept of a void order under Rule 60(b)(4) is construed narrowly by courts in the Fourth Circuit. Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacks personal or subject matter jurisdiction or acted in a manner inconsistent with due process." Id. Here, the debtor's motion asserts that the court does not have subject matter jurisdiction to enter the consent order.

Matters concerning the administration of the estate are core proceedings. 28 U.S.C. § 157(b)(2)(A). A "matter arising under Federal Rule of Bankruptcy Procedure 9019(a) constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A)." In re Brown, 484 B.R. 322, 325 (Bankr. E.D. Ky. 2012). The consent order which the debtor seeks to set aside as void resolved the trustee's motion to compromise and the debtor's response to the motion to compromise, brought under Rule 9019. Therefore, the consent order is not void due to lack of subject matter jurisdiction or for any other reason.

Based on the record made before the court, the court finds that it is completely within the

trustee's discretion to settle claims and recover assets for the estate. These duties of the trustee fall squarely within the core jurisdiction of the court. The trustee's actions were done in full compliance with the procedural rules and after full investigation by the trustee. The debtor was fully apprised of the settlement; she was given a chance to object and did object. After consultation with counsel, she changed her position and acquiesced. A simple change of heart is not enough to undo a settlement that was duly entered and ratified by the court. Pursuant to the court's oral ruling made in open court, the motion to alter or amend the consent order is **DENIED**.

## END OF DOCUMENT